RAFAEL LANDRÓN LANDRÓN y EUGENIO D. DELGADO, COMISIONADOS ASOCIADOS DE LA COMISIÓN DE SERVICIO PÚBLICO DE PUERTO RICO, demandantes y apelados, *v.* JOSÉ RAMÓN QUIÑONES, COMISIONADO y PRESIDENTE DE LA COMISIÓN DE SERVICIO PÚBLICO DE PUERTO RICO, y TOMÁS TORRES PÉREZ, demandados y apelantes.

Núm. 7543.—*Sometido:* Julio 12, 1937. *Resuelto:* Julio 24, 1937.

*José Ramón Quiñones y Tomás Torres Pérez,* por su propio derecho y además *Hernán Franco,* como abogado de éste último; *Bolívar Pagán,* abogado de los apelados.

El Juez Asociado Señor Hutchison emitió la opinión del tribunal.

Bajo el título general de "Comisión de Servicio Público" y el subtítulo "Sueldos", la Asamblea Legislativa en la ley (núm. 119) de presupuesto para el año fiscal 1936–37 (Leyes de 1936, pág. 691), incluyó la siguiente partida: "Oficial Jurídico_____$4,000." El Comisionado de Servicio Público designó un oficial jurídico. En un pleito iniciado de conformidad con una ley titulada "Ley relativa a sentencias y decretos declaratorios y para hacer uniforme la legislación sobre la materia, y para otros fines", aprobada el 25 de abril de 1931 (Leyes de ese año, pág. 379), la Corte de Distrito de San Juan, constituída como tribunal colegiado, resolvió que el nombramiento debió haberse hecho por la Comisión de Servicio Público y no únicamente por el Presidente y que el nombramiento así hecho era nulo. Los apelantes sostienen que la corte de distrito cometió los siguientes errores:

"Primer error: Haber resuelto que es la Comisión de Servicio Público o el quórum legal de la misma la que tiene poderes y facultades para hacer los nombramientos de funcionarios y empleados de dicha Comisión y no haber resuelto que ese nombramiento corresponde hacerlo al Comisionado de Servicio Público.

"Segundo error: Haber resuelto que el nombramiento del demandado Torres Pérez fué hecho por el Presidente de la Comisión de Servicio Público exclusivamente.

"Tercer error: Haber resuelto que el demandado Torres Pérez fué nombrado para el cargo de Oficial Jurídico de la Comisión de Servicio Público.

"Cuarto error: No haber resuelto que es el Comisionado de Servicio Público el que tiene la facultad y poder de hacer nombramientos de empleados para la oficina de la Comisión de Servicio Público con excepción del cargo de Secretario de la Comisión de Servicio Público.

"Quinto error: Haber resuelto que el artículo 38 de la Ley Orgánica no crea el cargo de Comisionado de Servicio Público y sí el de Presidente de la Comisión de Servicio Público."

██ La Sección 32 de la Carta Orgánica aprobada el 12 de abril de 1900 (31 Stat. at Large, Chap. 191, p. 77), disponía

"que toda concesión de franquicias, derechos y privilegios, o concesión de carácter público o cuasi público" sería otorgada por el Consejo Ejecutivo con la aprobación del Gobernador. La sección 18 otorgaba a los miembros del Consejo Ejecutivo, seis de los cuales eran también jefes de departamento, facultad "para emplear todos los delegados y ayudantes necesarios para el debido cumplimiento de sus obligaciones como tales funcionarios y como tal Consejo Ejecutivo."

En la sección 38 de la Carta Orgánica aprobada el 2 de marzo de 1917 (39 Stat. at Large, Part I, Chap. 145, p. 951) el Congreso creó una Comisión de Servicio Público compuesta de los jefes de los departamentos ejecutivos, el Auditor y dos miembros que debían ser electos por el voto popular. La Asamblea Legislativa en la sección 18 de la Ley (núm. 70) de Servicio Público de 1917 (Leyes de ese año, Tomo 2, págs. 433, 479) dispuso que la Comisión de Servicio Público tendrá un secretario "que será nombrado por ella, y desempeñará el cargo sin término fijo." Dispuso además que "la Comisión tendrá poder para designar de tiempo en tiempo cualquier persona para el desempeño de los deberes del Secretario durante su ausencia, y la persona así nombrada poseerá, durante el tiempo así nombrada, las facultades del secretario de la comisión." La Sección 19 lee así:

"Artículo 19.—*Empleados y gastos.*—La Comisión estará autorizada para emplear y fijar la compensación de los peritos, examinadores, oficinistas especiales y otros empleados que fueren necesarios para el debido cumplimiento de sus deberes; y, excepción hecha del secretario, peritos y examinadores, todos los empleados de la Comisión pertenecerán al Servicio Civil Clasificado.

"Los gastos de la Comisión, incluyendo todos los de transporte que se hagan por la Comisión o por sus empleados por orden de aquélla, al practicar cualquier investigación o en asuntos oficiales en cualquier otro lugar que en la ciudad de San Juan, se concederán y pagarán a la presentación de comprobantes detallados, aprobados por la Comisión."

En (marzo 4) 1927, el Congreso, a virtud de una ley conocida con el nombre de Ley Butler (44 Stat. at Large, Part

**2,** Chap. 503, p. 1420), enmendó la sección 38 de la Carta Orgánica de 1917, para que leyera en parte como sigue:

"'Toda franquicia, derecho, privilegio y concesión de carácter público o cuasi público, será otorgada por una Comisión de Servicio Público compuesta de un Comisionado de Servicio Público, que será presidente de dicha Comisión, y dos comisionados asociados nombrados por el Gobernador con el consejo y consentimiento del Senado. El Comisionado de Servicio Público será nombrado por un período de tres años y hasta que sea nombado su sucesor y hubiera éste tomado posesión de su cargo; y uno de dichos comisionados asociados, primeramente nombrados, desempeñará el cargo por un término de dos años y uno por el término de un año, y después cada uno de dichos comisionados asociados desempeñará el cargo por un período de tres años y hasta que su sucesor haya sido nombrado y hubiera tomado posesión de su cargo; *Disponiéndose,* que los actuales comisionados electivos de la mencionada Comisión continuarán en sus cargos hasta el vencimiento de sus términos, tal como se dispone actualmente por la ley, y junto con los tres miembros nombrados por el Gobernador formarán la Comisión, según queda dicho, hasta la terminación del período de sus servicios, y no después. El sueldo del Comisionado será $6,000 por año. Éste dedicará todo su tiempo a sus deberes como tal Comisionado. La compensación de los miembros asociados, tanto los elegidos como los de nombramiento, será 10 dólares por cada día de asistencia a las sesiones de la Comisión; pero en ningún caso recibirán más de $1,000 durante ningún año. Dicha Comisión queda facultada para desempeñar, y se le ordena que desempeñe, todas las funciones ejecutivas relacionadas con las corporaciones de servicio público que hasta ahora se han conferido por la ley al Consejo Ejecutivo, y aquellos deberes y funciones adicionales que se confieran a dicha Comisión por la Asamblea Legislativa . . . ."

La Asamblea Legislativa en 1927 también enmendó las secciones 18 y 19 de la Ley de 1917. Véanse las Leyes de Puerto Rico de 1927, págs. 399, 403 (Ley núm. 2). La sección 18, según quedó enmendada, dispone:

". . . El Comisionado de Servicio Público tendrá poder para designar de tiempo en tiempo cualquier persona para el desempeño de los deberes del Secretario durante su ausencia, y la persona así

nombrada poseerá, durante el tiempo designado, las facultades del secretario de l'a Comisión.

".             .             .             .             .             .             ."

En ningún otro caso, que sepamos nosotros, ha sido conferido el poder de nombramiento al Comisionado de Servicio Público como tal. Ninguno de los otros cambios hechos en las secciones 18 y 19 tiene que ver con la cuestión que está ahora ante nos. De conformidad con los términos del segundo párrafo de la sección 35 de la Ley (núm. 88) de Servicio Civil (Leyes de 1931, págs. 535, 563) invocado por los apelantes, " 'Autoridad nominadora' significa la comisión, junta o persona o grupo de personas con facultad por virtud de un estatuto o por motivo de una autoridad legalmente delegada, para hacer nombramiento."

No podemos convenir con los apelantes en que los poderes de la Comisión de Servicio Público son de naturaleza exclusivamente legislativa. Los poderes de nombramiento y empleo expresamente conferídosle por los términos de las secciones 18 y 19, supra, no son poderes legislativos.

El requisito de la sección 38 de la Carta Orgánica, según quedó enmendada en 1927, de que el Comisionado de Servicio Público "dedicará todo su tiempo a sus deberes como tal Comisionado" no lo inviste por inferencia o en alguna otra forma con la facultad de hacer nombramientos. Si un oficial jurídico no es un perito legal, cae por los menos dentro de la clasificación de "oficinistas especiales y otros empleados" mencionados en la sección 19 de la Ley de Servicio Público.

El alegato de los apelantes deja de convencernos de que la corte de distrito cometiera el error imputádole en el primer señalamiento.

En ausencia de una demostración satisfactoria respecto a una facultad mayor en el Comisionado de Servicio Público de hacer nombramientos o designaciones como tal, que la que se le autoriza a ejercer como Presidente de la Comisión de

Servicio Público, el error de haberlo en la aseveración del juez de distrito de que el Presidente hizo el nombramiento, no fué perjudicial.

En apoyo del tercer señalamiento los apelantes citan el caso del *Pueblo* v. *Foote,* 48 D.P.R. 492, al efecto de que la Asamblea Legislativa no puede crear un cargo a virtud de una disposición contenida en una ley de presupuesto. En el presente caso el poder legislativo meramente asignó determinada suma de dinero como sueldo de un oficial jurídico. No trató de crear ningún cargo. Si el oficial jurídico en cuestión no era un funcionario público, era un empleado dentro del significado de la sección 19 de la Ley de Servicio Público. El error cometido por el juez de distrito al referirse al puesto de oficial jurídico como un cargo, no es suficiente motivo para una revocación.

El cuarto señalamiento no ha sido discutido separadamente en el alegato de los apelantes y no necesita ser discutido separadamente en esta opinión. Aunque puede haber más mérito en la teoría de los apelantes que el revelado en su argumentación, no estamos preparados para decir que el juez de distrito cometiera error al no resolver que el Comisionado de Servicio Público tiene la facultad de nombrar todos los empleados de la Comisión de Servicio Público a excepción del secretario.

Fuera de cualquier imprecisión en el quinto señalamiento respecto a lo resuelto por el juez de distrito, cuanto ya hemos dicho sobre el cuarto es aplicable con igual fuerza *mutatis mutandis* al quinto.

*La sentencia apelada debe ser confirmada.*

El Juez Asociado Señor Córdova Dávila no intervino.