EDGAR A. HOPGOOD, demandante y apelado, *v.* PORTO RICAN & AMERICAN INSURANCE COMPANY, demandada y apelante.

Núm. 8383.—*Sometido:* Marzo 20, 1942. *Resuelto:* Abril 24, 1942.

330

[redacted]

*Brown, González & Newsom* y *R. Rodríguez Antongiorgi,* abogados de la apelante; *Celestino Iriarte, F. Fernández Cuyar* y *H. González Blanes,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

El 2 de diciembre de 1938 mientras guiaba su automóvil, Edgar A. Hopgood arrolló y causó la muerte de un peatón. Los herederos de éste demandaron a Hopgood y obtuvieron sentencia por $3,500. Entonces Hopgood instó este pleito para obligar a la compañía de seguros apelante a satisfacer la referida sentencia, basándose en que una póliza de seguros otorgada por la apelante cubría el referido accidente. La compañía de seguros interpuso como defensa especial que en 24 de agosto de 1938 la licencia de Hopgood para manejar un automóvil había sido suspendida; que la suspensión estaba todavía en vigor a la fecha del accidente; y que la póliza tenía una disposición al efecto de que no cubría un accidente en el cual el automóvil fuera manejado por una persona que no estuviera autorizada para ello. La corte de distrito re-

solvió que la referida suspensión era nula. El caso se encuentra aquí en apelación de la sentencia de la corte de distrito ordenando a la compañía de seguros apelante satisfacer la sentencia dictada contra Hopgood.

█ El artículo 5 (*m*) de la Ley núm. 93, Leyes de Puerto Rico, 1925, dispone que el Comisionado del Interior podrá suspender bajo ciertas circunstancias las licencias de los conductores. Tal medida, que puede realizarse *ex parte* sin conceder al conductor una vista, puede tener serias consecuencias para éste, a veces comprometiendo su modo de ganarse la vida. Hemos resuelto que esta facultad y deber envuelve el ejercicio de criterio y discreción en un alto grado de parte del Comisionado del Interior. *Pueblo* v. *Hernández*, 41 D.P.R. 494.

█ En 24 de agosto de 1938 R. González Requena, Subcomisionado del Interior Interino, escribió a Hopgood que en vista de un accidente de automóvil en que él había estado envuelto "por la presente se le suspende su licencia como conductor de vehículos . . . ". La apelante alega que esta carta no era la suspensión en sí, sino únicamente su notificación, y que debemos presumir que el propio Comisionado suspendió la licencia. Pero el significado claro de la carta era que por sus términos el Subcomisionado Interino estaba suspendiendo la licencia. La apelante no objetó a que se introdujera en evidencia una copia certificada de la carta. Y cuando el abogado de Hopgood trató de ir más allá del documento, la apelante enérgicamente se opuso, alegando que "el documento habla por sí mismo". Al sostener sus objeciones la corte de distrito dijo que "La presunción es que el señor *Requena* cumplió con todas las facultades de la ley al *suspenderle* la licencia al demandante." (Bastardillas nuestras). Además, como la suspensión fué una defensa especial de la apelante, a ella correspondía establecerla. La corte inferior estuvo enteramente justificada al resolver que la licencia fué suspendida por el Subcomisionado Interino.

■ La apelante alega que la suspensión de la licencia por el Subcomisionado Interino fué una actuación correcta a virtud del artículo 172 del Código Político que lee como sigue:

"En caso de muerte, renuncia o separación del jefe de algún departamento, oficina o negociado del Gobierno Insular, o de la incapacidad o ausencia temporal de éste, el auxiliar o delegado del respectivo departamento, oficina o negociado, siempre que la ley no dispusiere en contrario, ejercerá el cargo de dicho jefe, mientras se nombre e instale el respectivo sucesor, o cese dicha incapacidad o ausencia."

Sin embargo, la corte inferior resolvió que el Subcomisionado del Interior no es "el auxiliar" de un departamento, según se define por el artículo 172 del Código Político. Llega a esta conclusión debido a que no existe ley especial mediante la cual se cree el cargo de Subcomisionado del Interior y se definan sus deberes. En verdad la única legislación tendente a crear este cargo ha sido una partida para su salario en el proyecto de presupuesto general en años recientes.

Esta corte ha decidido diversos casos que arrojan alguna luz sobre esta cuestión. Hemos resuelto que el cargo de Juez Municipal *at Large* no puede crearse incluyendo una partida para ello en el proyecto de presupuesto general. *Pueblo* v. *Corte de Distrito,* 48 D.P.R. 492. En dicho caso la corte dijo a la página 495:

" . . . Es verdad que el párrafo octavo del artículo 34 de nuestra Carta Orgánica permite por excepción que las leyes de presupuestos contengan más de un asunto, pero es claro que este asunto debe referirse a partidas que se consignan en el presupuesto *y* no a ninguna legislación de carácter general que no deba ser incluída en una ley de asignaciones. El párrafo décimoquinto disipa toda duda acerca del particular, toda vez que dispone que el proyecto de presupuesto únicamente contendrá asignaciones para los gastos ordinarios de los tres departamentos del gobierno para el pago de intereses de la deuda pública y para escuelas públicas."

Una de las cuestiones envueltas en el caso de *Landrón* v. *Quiñones,* 52 D.P.R. 86, fué si el puesto de Oficial Jurídico para la Comisión de Servicio Público había sido creado válidamente. La única legislación en conexión con esto fué una partida en el proyecto de presupuesto general del año anterior bajo el título "Comisión de Servicio Público" para "Oficial Jurídico—$4,000." La corte decidió a la página 91 que "el poder legislativo meramente asignó determinada suma de dinero como sueldo de un oficial jurídico. No trató de crear ningún cargo." La corte concluyó que tal oficial jurídico era un empleado y no un funcionario público. Toda vez que existía una disposición general de ley autorizando a a la Comisión de Servicio Público a emplear aquellos empleados que fueren necesarios, la corte aparentemente resolvió que sería propio para la Comisión de Servicio Público emplear a alguien como tal Oficial Jurídico y pagarle el sueldo asignado en el presupuesto general. El caso de *Ortiz Reyes* v. *Auditor,* 56 D.P.R. 871, resolvió al mismo efecto que puestos para " . . . empleados cuyos puestos surgen en el curso ordinario del gobierno pueden ser creados por la ley general de presupuesto." (Página 877). Véase también *Santaella* v. *Garrido,* 50 D.P.R. 147, 154.

No es necesario que determinemos en este caso si (*a*) el puesto de Subcomisionado existe, sino que el incumbente es un mero empleado como en los casos de *Landrón* y *Ortiz,* o si (*b*) no existe tal cargo toda vez que envuelve el ejercicio de poderes ejecutivos y de discreción por un funcionario público, y puede por tanto ser creado solamente mediante una ley especial, como resolvimos en *Pueblo* v. *Corte de Distrito,* supra. De cualquier modo el resultado en este caso es el mismo: en el Departamento del Interior no existe el cargo de "auxiliar" que conlleve los poderes y deberes prescritos por el artículo 172 del Código Político.

Sin embargo la apelante sostiene que la suspensión de la licencia de Hopgood fué hecha por un funcionario *de*

*facto* cuyos actos no se pueden atacar colateralmente. Pero en *Annoni* v. *Blas Nadal's Heirs,* 94 F. (2) 513, la Corte de Circuito de Apelaciones para el Primer Circuito resolvió que para que exista un funcionario *de facto* debe existir un cargo *de jure* a ser cubierto. Y hemos visto que en el Departamento del Interior no existe cargo alguno dentro del significado del artículo 172 del Código Político. La Asamblea Legislativa ha reconocido esta situación y ha aprobado el P. del S. ·272 que se encuentra pendiente de aprobación o veto ante el Gobernador. Este es un proyecto para reorganizar el Departamento del Interior. Dispone en su sección 3 como sigue:

"Habrá un Subcomisionado del Interior, quien desempeñará las labores que le designe el Comisionado y lo substituirá en caso de ausencia, enfermedad, o renuncia, y podrá representar al comisionado en su carácter oficial en todas las juntas, reuniones o instituciones de las cuales el comisionado forme parte de acuerdo con las leyes de Puerto Rico."

Por tanto este caso no envuelve un ataque colateral a la actuación de un funcionario de facto. El cargo de "auxiliar", dentro del significado del artículo 172 no existe, y la suspensión de una licencia de conductor por cualquier persona pretendiendo actuar en tal capacidad es enteramente nula de su faz y por tanto puede ser atacada por el conductor en este procedimiento.

Queremos hacer claro que limitamos la resolución (*holding*) en este caso a sus hechos. Tales cosas como el interés público, cumplimiento total o parcial de los contratos y la naturaleza y circunstancias que rodean los actos realizados, requerirían nuestra consideración antes de dictaminar sobre la validez de otros actos realizados en el pasado por cualquier persona pretendiendo actuar como Subcomisionado del Interior.

En vista del resultado a que hemos llegado, encontramos innecesario entrar en la cuestión de si la acción del Subcomisionado Interino al suspender la licencia de Hopgood fué

inválida, por el fundamento de que el Comisionado del Interior no estaba temporalmente ausente en la fecha en que se tomó esta acción. Expresamente dejamos abierta la cuestión sobre si esa contención puede hacerse como un ataque colateral en un pleito de esta naturaleza.

Finalmente, la apelante descansa en la doctrina de impedimento en equidad. No encontramos nada en este caso que justifique la aplicación de tal doctrina. Hopgood no hizo nada para despistar a la compañía de seguros o para inducirle a cambiar su posición. Al contrario, insistió en que había cumplido con todas las condiciones de la póliza y recurrió a la compañía de seguros para que defendiera el pleito en contra de él, lo cual la compañía rehusó hacer. La compañía interpuso la defensa de suspensión de su licencia, y eligió descansar en ella. No puede ahora transferir a Hopgood el riesgo que ella corrió al descansar en un acto del Subcomisionado del Interior, teniendo ambas partes igual oportunidad de cerciorarse que dicho acto era de su faz enteramente nulo.

*La sentencia de la corte de distrito será confirmada.*

El Juez Asociado Sr. Travieso no intervino.